**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000427**
**26-SEP-2018**
**07:54 AM**

NO. CAAP-17-0000427

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JAMES THOMPSON, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 97-0-2401)

MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

Defendant-Appellant James Thompson (**Thompson**) appeals from the "Judgment of Conviction and Sentence" (**Judgment**) entered on April 28, 2017 in the Circuit Court of the First Circuit (**Circuit Court**).[1]

After Thompson was convicted, initially sentenced, and exhausted his state court appeals, he filed a "Petition for Writ of Habeas Corpus" in the United States District Court for the District of Hawai'i (**U.S. District Court**), which ordered that Thompson be resentenced. The Circuit Court resentenced Thompson on the multiple counts for which he was convicted, and he now appeals from the new sentence.

In this appeal, Thompson contends that the Circuit Court: (1) erred in failing to require Plaintiff-Appellee State

_____

[1] The Honorable Sherri L. Iha presided.

of Hawai'i (**State**) to prove beyond a reasonable doubt to a jury that the factors set forth in Hawaii Revised Statutes (**HRS**) § 706-606 (2014) supported consecutive rather than concurrent sentences;[2] (2) violated HRS § 706-609 (2014)[3] and Thompson's constitutional right to due process by sentencing him to more severe sentences after his original sentence was set aside on collateral attack; and (3) erred in granting the State's "Motion

---

[2] HRS § 706-668.5 (1993) provides:

[§706-668.5] **Multiple sentence of imprisonment.** (1) If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms run concurrently.
(2) The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider the factors set forth in section 706-606.

In turn, HRS § 706-606 provides:

§706-606 **Factors to be considered in imposing a sentence.** The court, in determining the particular sentence to be imposed, shall consider:
(1) The nature and circumstances of the offense and the history and characteristics of the defendant;
(2) The need for the sentence imposed:
(a) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(b) To afford adequate deterrence to criminal conduct;
(c) To protect the public from further crimes of the defendant; and
(d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3 The kinds of sentences available; and
(4) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

[3] HRS § 706-609 provides:

§706-609 **Restentence for the same offense or for offense based on the same conduct not to be more severe than prior sentence.** When a conviction or sentence is set aside on direct or collateral attack, the court shall not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence.

2

for Consecutive Term" because the original sentencing judge[4] had previously denied a motion for consecutive term.

For the reasons discussed below, we affirm.

## I. Background

On October 1, 1997, Thompson was indicted on twenty-four counts for alleged offenses against four different minor victims. On October 27, 2000, a jury found Thompson guilty on twenty counts, as follows:

- With regard to Victim 1:
  - Counts 1-4 and 6 (each involving Sexual Assault in the First Degree in violation of HRS § 707-730(1)(a) (1993))
  - Counts 7-8 (each involving Attempted Sexual Assault in the First Degree in violation of HRS §§ 705-500 (2014) and 707-730(1)(a))
  - Counts 9-11 (each involving Sexual Assault in the Third Degree in violation of HRS § 707-732(1)(e) (1993))
  - Count 12 (Kidnapping in violation of HRS § 707-720(1)(d) (1993))
- With regard to Victim 2:
  - Count 13 (Sexual Assault in the Fourth Degree in violation of HRS § 707-733(1)(b) (1993))
- With regard to Victim 3:
  - Count 14 (Sexual Assault in the First Degree)
  - Counts 15-17 (each involving Sexual Assault in the Third Degree)
- With regard to Victim 4:
  - Count 19 (Sexual Assault in the First Degree)
  - Counts 20 - 21 (each involving Sexual Assault in the Third Degree)
  - Count 22 (Kidnapping)

---

[4] The Honorable Dexter D. Del Rosario presided over Thompson's original sentencing.

On November 1, 2000, following Thompson's conviction, the State filed a "Motion for Extended Term" and a "Motion for Consecutive Term."  On January 10, 2001, the Circuit Court entered its "Judgment Guilty Conviction and Sentence" pursuant to the jury's verdict.

On January 16, 2001, after a hearing before the sentencing judge, the State's "Motion for Extended Term" was granted.  The following day, the Circuit Court entered "Findings of Fact, Conclusions of Law and Order Granting State's Motion for Extended Term," sentencing Thompson as follows: life imprisonment with the possibility of parole for Counts 1-4, 6-8, 14, and 19; twenty years for Counts 12 and 22; and ten years for Counts 9-11, 15-17, 20, and 21.  Having sentenced Thompson to multiple life sentences, the Circuit Court also concluded that consecutive terms were not necessary and denied the State's "Motion for Consecutive Term[s]."

On May 13, 2008, Thompson challenged his sentence by filing a writ of habeas corpus in the U.S. District Court.  An amended petition was filed on June 14, 2012.

On August 29, 2012 the U.S. District Court held that Thompson's extended term sentence was contrary to Apprendi v. New Jersey, 530 U.S. 466 (2000) and entered an order granting in part Thompson's writ of habeas corpus and setting aside Thompson's original sentence.[5]

On December 2, 2014, Thompson filed his "Motion to Enforce Order Granting in Part Petition of Writ for Habeas Corpus" in the Circuit Court.  On June 5, 2015, the State filed a new "Motion for Consecutive Term."

After a hearing on April 7, 2017,[6] Thompson was resentenced as follows:

---

[5] On March 18, 2014, the order of the U.S. District Court was affirmed by the Ninth Circuit Court of Appeals.  Thompson v. Thomas, 564 Fed. Appx. 316, 2014 WL 1017044 (9th. Cir. 2014) (Mem.).

[6] The resentencing hearing was repeatedly continued by agreement of the parties in order to negotiate a possible plea deal.  Following Thompson's June 20, 2016 "Memorandum of Law in Opposition to the State's Motion for Consecutive Sentencing," another series of continuances resulted in the eventual April 7, 2017 date.

- Twenty years for: Counts 1, 2, 3, 4, 6, 14, and 19 (each involving Sexual Assault in the First Degree);
- Twenty years for: Counts 7 and 8 (each involving Attempted Sexual Assault in the First Degree);
- Five years for: Counts 9, 10, 11, 15, 16, 17, 20, and 21 (each involving Sexual Assault in the Third Degree);
- Ten years for: Counts 12 and 22 (each involving Kidnapping); and
- One year for: Count 13 (involving Sexual Assault in the Fourth Degree).

The Circuit Court ordered: Counts 1-4 and 6-12 (each related to Victim 1) to run concurrently with each other; Count 13 (related to Victim 2) to run consecutively with Counts 1-4 and 6-12; Counts 14-17 (related to Victim 3) to run concurrently with each other but consecutively with Counts 1-4 and 6-13; and Counts 19-22 (related to Victim 4) to run concurrently with each other, but consecutively with Counts 1-4 and 6-17. In total, Thompson was sentenced to serve sixty-one years of imprisonment. In resentencing Thompson, the Circuit Court stated:

> THE COURT: Now, the reasoning for this is that the consecutive sentencing for the four separate complaining witnesses needs to reflect the seriousness of the offenses and promote respect for the law and to provide just punishment for these offenses. These girls have had their innocence and their ability to feel safe in their community stolen from them at a very young age, and it has seriously impacted the rest of their lives.
>
> It's also to afford adequate deterrence to further criminal conduct. The defendant was remorseful after he committed each of these offenses and yet continued to prey on young women.
>
> And it's also to protect the public from further crimes of the defendant.

The Circuit Court also resentenced Thompson to complete the Sex Offender Treatment Program or any other appropriate educational or vocational programs while incarcerated, and gave Thompson credit for time served.

## II.  Standard of Review

We review the Circuit Court's resentencing of Thompson under an abuse of discretion standard:

> [a] sentencing judge generally has broad discretion in imposing a sentence.  The applicable standard of review for sentencing or resentencing matters is whether the court committed plain and manifest abuse of discretion in its decision.  Factors that indicate a plain and manifest abuse of discretion are arbitrary or capricious actions by the judge and a rigid refusal to consider the defendant's contentions.  In general, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

State v. Tauiliili, 96 Hawai'i 195, 198, 29 P.3d 914, 917 (2001) (internal quotation marks, citations, and brackets omitted).

Furthermore, "[i]nterpretation of a statute is a question of law which we review de novo."  Kikuchi v. Brown, 110 Hawai'i 204, 207, 130 P.3d 1069, 1072 (App. 2006) (internal quotation marks and citation omitted).

Finally, "[w]e answer questions of constitutional law by exercising our own independent constitutional judgment based on the facts of the case.  Thus, we review questions of constitutional law under the right/wrong standard."  State v. Pratt, 127 Hawai'i 206, 212, 277 P.3d 300, 306 (2012) (citations and internal quotation marks omitted).

## III. No Apprendi Violation in Imposing Consecutive Sentences

Thompson contends the Circuit Court erred by failing to require the State to prove beyond a reasonable doubt to a jury that the factors set forth in HRS § 706-606 supported consecutive rather than concurrent sentences.  Although the United States Supreme Court in Oregon v. Ice, 555 U.S. 160, 67-68 (2009) and the Hawai'i Supreme Court in State v. Kahapea, 111 Hawai'i 267, 279-80, 141 P.3d 440, 452-53 (2006) have previously held that Apprendi does not apply to the determination of consecutive sentences, Thompson argues the issue should be revisited in light of Alleyne v. United States, 570 U.S. 99 (2013) and State v. Auld, 136 Hawai'i 244, 361 P.3d 471 (2015).  For reasons set forth below, we disagree.

6

In _Apprendi_, the U.S. Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In _Ice_, decided nine years after _Apprendi_, the U.S. Supreme Court recognized that the decision to impose sentences consecutively or concurrently was not traditionally a function of the jury. 555 U.S. at 168. The U.S. Supreme Court also recognized that most states followed the common law tradition of entrusting judges with unfettered discretion in deciding whether to impose concurrent or consecutive sentences. _Id._ at 163. The U.S. Supreme Court thus held that judicial findings of facts to impose consecutive rather than concurrent sentences was consistent with _Apprendi_ and findings by a jury was not required. _Id._ at 169-72.

In _Alleyne_, the U.S. Supreme Court held that any fact that increased the _mandatory minimum_ sentence was an element that must be submitted to the jury. 570 U.S. at 103. As the court explained, "facts increasing the legally prescribed floor _aggravate_ the punishment." _Id._ at 113. However, the court also noted that:

> [i]n holding that facts that increase mandatory minimum sentences must be submitted to the jury, we take care to note what our holding does not entail. Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment.

_Id._ at 116 (citations omitted) (emphasis added).

Therefore, _Alleyne_ is consistent with _Ice_ and does not affect judicial factfinding for sentencing discretion in the imposition of concurrent or consecutive sentences.

Following the U.S. Supreme Court's decision in _Alleyne_, the Hawai'i Supreme Court in _State v. Auld_ examined the _Apprendi_ "fact of prior conviction" exception. 136 Hawai'i at 247-48, 252-54, 361 P.3d at 474-75, 479-81. The court in _Auld_ held that, as a matter of state law, the _Apprendi_ exception does not apply

7

to mandatory minimum sentencing of repeat offenders under HRS § 706-606.5. Id. at 254, 361 P.3d at 481. The court instead held that a defendant is entitled to have a jury find beyond a reasonable doubt that his or her prior convictions trigger the imposition of a mandatory minimum sentence as a repeat offender under HRS § 706-606.5. Id. at 254, 361 P.3d at 481. The instant case is distinguishable from Auld, because Auld did not address the issue of judicial factfinding under HRS § 706-606 related to consecutive sentencing.

The Hawaiʻi Supreme Court has also previously held that Apprendi does not apply to a sentencing judge's factfinding to impose consecutive sentences under HRS § 706-668.5, which entails consideration of the factors set forth in HRS § 706-606. See Kahapea, 111 Hawaiʻi at 278-80, 141 P.3d at 451-53 (dismissing the proposition that Apprendi proscribes factfinding for consecutive sentencing by a trial judge). While consecutive sentences lengthen incarceration beyond the statutory maximum for one individual sentence, none of the individual terms of imprisonment themselves exceed the statutory maximum, and thus the circuit court has discretion under HRS § 706-668.5 to impose consecutive sentences. Id. at 279, 141 P.3d at 452. The Hawaiʻi Supreme Court concluded that pursuant to HRS §§ 706-660 and 706-668.5, terms running consecutively for multiple sentences is the statutory maximum. Id. at 279-80, 141 P.3d at 452-53.

Similarly, Thompson's three consecutive twenty-year sentences enhanced his term of imprisonment beyond the twenty year statutory maximum for one count of sexual assault in the first degree. See HRS §§ 707-730(1)(a) (1993)[7], 706-659 (Supp.

---

[7] At the time of Thompson's indictment in 1997, HRS § 707-730 read as follows:

§707-730 **Sexual assault in the first degree.** (1) A person commits the offense of sexual assault in the first degree if:
(a)   The person knowingly subjects another person to an act of sexual penetration by strong compulsion[.]

. . . .

(continued...)

8

1994)[8]. However, none of Thompson's individual terms of imprisonment exceeded the statutory maximum. Therefore, Thompson's consecutive terms of imprisonment did not deprive him of his constitutional right to a trial by jury.

We conclude that (1) neither the U.S. Supreme Court decision in Alleyne nor the Hawai'i Supreme Court decision in Auld are applicable in the instant case; and (2) the circumstances of the instant case are consistent with Ice and Kahapea. Accordingly, we rest upon Ice and Kahapea in concluding that Thompson's consecutive sentence was properly imposed based upon facts found by the sentencing judge and is therefore not a violation of Apprendi.

## IV. No Imposition of a More Severe Sentence After Collateral Attack

Thompson contends he was subjected to a more severe sentence after his original sentence was set aside on collateral attack in violation of HRS § 706-609 and his constitutional due process rights. For reasons set forth below, we disagree.

HRS § 706-609 provides, "[w]hen a conviction or sentence is set aside on direct or collateral attack, the court shall not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence." Thompson's original sentence consisted of nine life terms with the possibility of parole, two twenty-year sentences, eight ten-year sentences, and one one-year sentence to run concurrently with each other. After resentencing, Thompson's sentence consists of three twenty-year

---

(...continued)
        (2)    Sexual assault in the first degree is a class A felony.

[8]   HRS § 706-659 read in pertinent part as follows:

    **§706-659 Sentence of imprisonment for class A felony.** . . . a person who has been convicted of a class A felony, except class A felonies defined in chapter 712, part IV, shall be sentenced to an indeterminate term of imprisonment of twenty years without the possibility of suspension of sentence or probation[.]

sentences and one one-year sentence to run consecutively pursuant to HRS § 706-668.5 and the remaining sentences to run concurrently, for an aggregate of sixty-one years of imprisonment.

"HRS § 706-609 prevents a sentencing court from issuing a more severe sentence after the initial sentence has been set aside upon review." Keawe v. State, 79 Hawai'i 281, 289, 901 P.2d 481, 489 (1995); see also State v. Mara, 102 Hawai'i 346, 368, 76 P.3d 589, 611 (App. 2003) (holding that a collateral attack on a judgment is a proceeding separate from the original action). Here, Thompson's original sentence was set aside on collateral attack after the U.S. District Court granted his petition for writ of habeas corpus. Therefore, the relevant consideration is whether ordering terms of imprisonment consecutively is more severe than concurrent life terms.

To determine whether a new sentence is more severe under HRS § 706-609, we must evaluate each individual sentence as well as the aggregate sentence. State v. Canosa, No. CAAP-16-0000497, 2018 WL 1889511, at *3-4 (Hawai'i App. Apr. 20, 2018) (holding it is a violation of HRS § 706-609 if the imposition of consecutive terms for a defendant's sentence increases the maximum possible imprisonment). Here, Thompson's resentencing resulted in less severe or equal sentences for each of his individual sentences. Furthermore, the maximum possible term of imprisonment for Thompson under his original sentence was life imprisonment, which was decreased to sixty-one years after resentencing.

We disagree with Thompson's argument that his current sentence of sixty-one years of imprisonment is more severe than his original sentence of life imprisonment. See Martin v. Kaiser, 907 F.2d 931, 936 (10th Cir. 1990) (concluding that nothing on its face except the death penalty can be more severe than a life sentence because what may seem like a sentence that exceeds a person's expected life span will terminate upon the death of the prisoner and cannot extend longer than a life

10

sentence). Thus, although sixty-one years is a considerable length of time, it is not "more severe" than a life term, and in this regard the Circuit Court did not violate HRS § 706-609 or Thompson's constitutional due process rights.

**V.      Thompson's Consecutive Sentences Not Precluded By Law of the Case**

Thompson contends that the Circuit Court was precluded from imposing consecutive sentences under the law of the case doctrine because the original sentencing judge had imposed concurrent, not consecutive, sentences. Given the circumstances of this case, we disagree.

The law of the case doctrine is "the usual practice of courts to refuse to disturb all prior rulings in a particular case, including rulings made by the judge himself [or herself]." Wong v. City & Cty. of Honolulu, 66 Haw. 389, 396, 665 P.2d 157, 162 (1983). Furthermore, "unless cogent reasons support the second court's action, any modification of a prior ruling of another court of equal and concurrent jurisdiction will be deemed an abuse of discretion." Id. (citations omitted); see also Stender v. Vincent, 92 Hawai'i 355, 362, 992 P.2d 50, 57 (2000) (concluding the law of the case doctrine "does not preclude modification of prior rulings in all instances"). A change in facts supporting a particular ruling can rise to the level of a "cogent reason" justifying an overturning of the ruling. State v. Oughterson, 99 Hawai'i 244, 254, 54 P.3d 415, 425 (2002) (citing State v. Mabuti, 72 Haw. 106, 807 P.2d 1264 (1991)).

Here, the original sentencing judge concluded that consecutive terms were not necessary because Thompson had received multiple life sentences. When the life sentences were set aside, it resulted in a change of fact that affected Thompson's resentencing that the original sentencing judge did not consider.

Furthermore, after an issuance of a writ of habeas corpus, the Circuit Court had jurisdiction to resentence Thompson de novo. State v. Keck, Nos. 29530, 29531, 2010 WL 4491240, at *1 (Hawai'i App. Nov. 10, 2010) (SDO) provides:

11

> [t]he issuance of a writ of habeas corpus results in invalidation (in whole or in part) of the judgment authorizing the prisoner's confinement. Where a court issues a writ based on a constitutional error, the remedy should put the defendant back in the position he would have been in if the constitutional violation never occurred. After the federal court grants a writ, the State may seek a new judgment (through a new trial or a <u>new sentencing proceeding</u>).

(Emphasis in original) (citations and internal quotation marks omitted). Therefore, the Circuit Court was not bound by the decisions of the original sentencing judge, and exercised its discretion within the bounds permitted under the sentencing statutes to sentence Thompson to consecutive terms.

Based on the foregoing, we conclude the Circuit Court was not precluded by the law of the case and there were cogent reasons to support granting consecutive terms during resentencing.

**VI.  Conclusion**

Based on the above, we affirm the Circuit Court of the First Circuit's "Judgment of Conviction and Sentence" entered on April 28, 2017.

DATED:  Honolulu, Hawaiʻi, September 26, 2018.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

12